FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 02 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

Genglong Ma, individually and on Behalf of All
Other Employees Similarly Situated

                           Plaintiff,

                - against –

Zhong Bao Produce Group Inc., Gordon H. Chen,
Emma "Doe" (last name unknown),

                         Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

17-cv-6367 (AMD) (RML)

**ANN M. DONNELLY**, District Judge.

       The plaintiff, Genglong Ma, brings this action on behalf of himself and others similarly situated, against Zhong Bao Produce Group Inc., and individual defendants, Gordon H. Chen and Emma "Doe," alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Laws ("NYLL"). (ECF No. 12.) The plaintiff alleges that the defendants violated the FLSA and NYLL by failing to pay overtime wages, and to provide wage notices and paystubs. (ECF No. 12 at ¶¶ 1-4.) The plaintiff also alleges retaliation in violation of the FLSA and NYLL. (ECF No. 12 at ¶¶ 100-110.) The defendants moved to dismiss the plaintiff's complaint. (ECF No. 15.) For the reasons discussed below, I grant the defendants' motion, in part.

### BACKGROUND

       From September 20, 2016, to July 24, 2017, the plaintiff worked for Bao Produce, a Maspeth, New York wholesale produce supplier that provides produce for local businesses in Brooklyn, Flushing, Bronx, and Manhattan. (ECF No. 12 at ¶ 26.) The plaintiff claims that his "primary duties include loading fresh produce [ ] onto the truck for delivery and riding on the

1

truck." According to the plaintiff, Bao Produce "regularly purchased and handled goods" produced in China, Vietnam, and outside New York. (ECF No. 12 at ¶ 28.) The plaintiff worked Monday through Saturday from 6:30 a.m. to 2:30 p.m., and approximates that he worked 48 hours per week. (ECF No. 12 at ¶ 30.) The plaintiff alleges that the defendants did not compensate him for all the hours he worked, and that he was paid a flat monthly rate regardless of the number of hours that he worked. (ECF No. 12 at ¶¶ 31-32.) The plaintiff also says that the defendants did not provide him with correct wage notices or proper pay stubs. (ECF No. ¶¶ 40-42.) The plaintiff claims that from May through July of 2017, he made "multiple complaints" to the defendants about their failure to "report federal and state payroll tax on his behalf," and that the defendants retaliated by terminating him on July 24, 2017. (ECF No. ¶¶ 43-44, 101.)

## DISCUSSION

In evaluating a motion to dismiss, the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). However, an action will only survive if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Twombly*, 550 U.S. at 556). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### A. Overtime Wage Claim under the FLSA

The defendants claim that the Court does not have subject matter jurisdiction over the

plaintiff's claim, because the plaintiff is exempt from FLSA's overtime provision under the FLSA Motor Carrier Act ("MCA"). (ECF No. 15 at 2-6.) In support of their position, the defendants attach the declaration of Nancy Jiang. (ECF No. 15-1.) The plaintiff responds that the issue of exemption goes to the merits, and does not deprive the Court of subject matter jurisdiction, and that in any event, the plaintiff has sufficiently alleged an overtime claim. (ECF No. 16 at 3-5.) The plaintiff also asserts that the Court should not consider the defendants' extrinsic declaration on a motion to dismiss.

Whether the plaintiff's employment falls into an FLSA exemption is a merits determination rather than a jurisdictional question. *See, e.g., Thompson v. Eldorado Coffee Roasters Ltd.*, 246 F.Supp.3d 697, 700-702 (E.D.N.Y. 2017) (whether an MCA exemption applied on a motion to dismiss); *Saca v. Dav-El Reservation Systems, Inc.*, 600 F.Supp.2d 483, 485 (E.D.N.Y. 2009) ("numerous other courts have considered the issue and concluded that a defendant claiming to be exempt from the FLSA is challenging the merits . . . rather than the court's jurisdiction") (internal quotation marks and citations omitted). Thus, the Court has subject matter jurisdiction to decide the current motion.

Turning to the defendants' substantive argument, the Motor Carrier Act exempts certain motor carriers, including "motor private carriers," from the FLSA; "they are instead subject to regulation by the Secretary of Transportation."[1] *Thompson*, 246 F.Supp.3d at 700; 29 U.S.C. § 213(b)(1). The defendants assert that Bao Produce qualifies as a "motor private carrier." (ECF No. 15 at 2-6.) "The applicability of the motor carrier exemption depends on the nature of both the employer's and employees' activities," and is "narrowly construed" to circumstances that fall "plainly and unmistakably" within the scope of the exemption. *See D'Arpa v. Runway Towing*

---

[1] The MCA exemption is also incorporated into NYLL. *See Thompson*, 246 F.Supp.3d at n. 4 (citing *Khan v. IBI Armored Servs.*, 474 F.Supp.2d 448, 450 & n. 1 (E.D.N.Y. 2007)).

3

*Corp.*, No. 12-cv-1120-JG, 2013 WL 3010810, at *6 (E.D.N.Y. June 18, 2013); *see also Thompson*, 246 F.Supp.3d at 703. The defendants bear the burden of proving that the exemption applies, including establishing that the plaintiff's activities "directly affect [ ] the safety of operation of motor vehicles . . . in interstate or foreign commerce within the meaning" of the Act. *Thompson*, 246 F.Supp.3d at 700; *see also Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 229 (2d Cir. 2002); *D'Arpa*, No. 12-cv-1120-JG, 2013 WL 3010810, at *6; 29 C.F.R. § 782.2(a).

The defendants have not sustained this burden. The evidence they submit – a declaration by their accountant Nancy Jiang – is neither referenced in the complaint nor integral to the complaint, which alone is reason to reject it.[2] *See, e.g., Faulkner v. Beer*, 463 F.3d 130, 134 n. 1 (2d Cir. 2006) ("it would have been error for the [ ] court to have dismissed the [ ] complaint" on the basis of the party's declaration) (collecting cases); *Plains Marketing, L.P. v. Kuhn*, No. 10-cv-2520-JG, 2011 WL 4916687, at *3 (E.D.N.Y. Oct. 17, 2011). In any event, determining the applicability of an MCA exemption is a "highly fact-intensive inquiry," and appropriately decided after the factual record is developed.[3] *See Thompson*, 246 F.Supp.3d at 702-03 (denying the defendants' motion to dismiss where the pleadings did not offer a "factual basis" upon which the court could determine whether the MCA exemption applied).[4] The defendants cannot, at this

---

[2] The declaration is inadmissible in any event, since it makes factual assertions and draws legal conclusions, like the claim that the plaintiff's "duties as [a] helper on Zhong Bao's trucks affected the safety of the operation of the trucks." (ECF No. 15-1 at ¶ 3.)

[3] For instance, the MCA exemption does not apply to trucks that weigh less than 10,000 pounds. The defendants assert through Ms. Jiang's declaration that this exception does not apply. If the defendants renew their MCA exemption argument, they will have to establish this through admissible evidence.

[4] In their reply brief, the defendants ask that I take judicial notice of the Federal Motor Carrier Safety Administration webpage, which allegedly shows that Bao Produce has a motor carrier license under the federal motor carrier act. (ECF Nos. 18, 18-1, 18-2.) Even if I did take judicial notice of Bao Produce's motor carrier license – which I decline to do at this stage – it says nothing about the plaintiff's activities, which is an essential element of the MCA exemption.

stage of the litigation, establish that the plaintiff's employment falls within the MCA exemption.[5]

## B. Retaliation Claims Under the FLSA and NYLL

Under the FLSA, it is "unlawful to discriminate against any employee because such employee has filed any complaint or instituted . . . any proceeding under" the FLSA. *Dunn v. Sederakis*, 143 F.Supp.3d 102, 109 (S.D.N.Y. 2015); *Flores v. Mamma Lombardis of Holbrook, Inc.*, 942 F.Supp.2d 274, 278 (E.D.N.Y. 2013). To state a retaliation claim under FLSA, the plaintiff must show "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Dunn*, 143 F.Supp.3d at 109; *see also Aflalo v. Cantor Fitzgerald, L.P.*, 298 F.Supp.3d 688, 694 (S.D.N.Y. 2018). The defendants argue that the plaintiff cannot state a retaliation claim, because he does not identify a protected activity, retaliatory conduct, or allege a causal connection. (ECF No. 15 at 6-7.)

The plaintiff responds that he engaged in protected activity when he complained to the defendants that they reported his federal and state payroll tax incorrectly, and that they retaliated against him when they terminated him less than a month after he made his last complaint. (ECF No. 16 at 6-7.) The plaintiff attaches to his brief a screen shot of text messages between him and a Bao Produce's accountant, allegedly evidencing these 2017 complaints. (ECF No. 17-1.) A court may consider "facts alleged in the complaint and documents . . . incorporated in it by reference," and "documents integral to the complaint and relied upon it, even if not attached [to

---

[5] Although the defendants do not explicitly raise the issue of legal sufficiency, I also find that the plaintiff's complaint sufficiently states a FLSA overtime claim. *See, e.g., Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 88 ("in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours") (internal quotation marks and citations omitted).

the complaint] or incorporated by reference." *Lopez-Serrano v. Rockmore*, 132 F.Supp.3d 390, 399 (E.D.N.Y. 2015); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). Although the complaint does not specifically reference the text messages, it refers to the plaintiff's "multiple complaints" to the defendants regarding their alleged "failure to correctly report federal and state payroll tax." (ECF No. 12 at ¶ 43.) The text messages appear to reflect these complaints.[6] Moreover, since the messages form the basis of the plaintiff's retaliation claim, the plaintiff evidently relied upon them to draft his complaint. The defendants do not appear to dispute the accuracy of the texts; indeed, they submit as an exhibit the accountant's reply to the plaintiff's messages.[7] I find that these text messages are both referenced in and integral to the complaint.

### i. Protected Activity

A plaintiff can plausibly allege a protected activity based on an informal written complaint as long as it is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Aflalo*, 298 F.Supp.3d at 694 (quoting *Greathouse v. JHS Security Inc.*, 784 F.3d 105 (2d Cir. 2015)) (internal quotation marks omitted); *Dunn v. Sederakis*, 413 F.Supp.3d 122, 110 (S.D.N.Y. 2015) (informal written complaints may suffice to allege a protected activity); *Marcotte v. City of Rochester*, No. 14-cv-6128-MAT, 2016 WL 792497, at *6 (W.D.N.Y. Mar. 1, 2016) (same). A plaintiff need not specifically invoke the name of the statute nor is he required to show that the alleged conduct actually violated the FLSA, *see Marcotte v.*

---

[6] The plaintiff provides both the original messages, which are in Chinese, and an English translation that read as follows: (1) "How does the company report tax for me. No federal and state taxes were reported on my behalf" (dated 5/31); (2) "Is this tax reporting practice legal?" (dated 5/31); (3) Nancy, why did not the Company report federal and state tax for me?" (dated 7/01); (4) How much did you report? It does not show up on the check stub." (dated 7/01); and (5) "Can the Company give me a clear response?" (dated 7/01). (ECF No. 17-1.)
[7] The accountant appears to respond to the plaintiff on April 2, 2018 – five months *after* the plaintiff filed this complaint.

6

*City of* Rochester, 677 Fed.Appx. 723, 726 (2d Cir. 2017) (summary order); *Cabrera v. CBS Corporation*, No. 17-cv-6011-CM, 2018 WL 1225260, at *4 (S.D.N.Y. Feb. 26, 2018); *Corpes v. Walsh Construction Company*, 130 F.Supp.3d 638, 642 (D. Conn 2015), but the complaint must be specific and clear enough that a "reasonable, objective person would have understood the employee to have put the employer on notice" that the employee is *invoking rights under the FLSA*. *Cabrera*, 2018 WL 1225260, at *4; *see also Marcotte*, 677 Fed.Appx. at 726 (summary order). Mere "abstract grumblings" will not suffice. *See Dunn*, 143 F.Supp.3d at 112 (quoting *Valerio v. Putnam Assocs., Inc.* 173 F.3d 35, 44 (1st Cir. 1999)).

The plaintiff's text messages reflect that on May 31, 2017, he asked the defendant's accountant why Bao Produce did not report his federal and state taxes, and specifically questioned whether the defendants' tax reporting practice was "legal." (ECF No. 17-1.) Courts in this circuit have found that a plaintiff's complaint is sufficiently clear and puts an employer on notice when the complaint is "framed in terms of potential illegality." *See Dunn*, 143 F.Supp.3d at 112-13 (opining that "a clear articulation of facts indicative of illegality" may support a FLSA retaliation claim) (internal quotation marks and citations omitted); *Baguidy v. Boro Transit Inc.*, 283 F.Supp.3d 14, 30-31 (E.D.N.Y. 2017) ("some courts hold that a plaintiff must at least hint at the illegality of the defendant's conduct" and collecting cases).

However, the plaintiff's questions about the legality of the defendants' tax reporting practices, even when all reasonable inferences are drawn in his favor, cannot reasonably be viewed as putting his employer on notice that the plaintiff was invoking FLSA rights. "The FLSA was enacted to remedy labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Marcotte*, 677 Fed.Appx. at 726 (summary order); *see also Greathouse*, 784 F.3d at 113

(discussing FLSA's statutory purpose). The plaintiff's allegations of illegal tax reporting do not fall within FLSA's mandate, and could not have alerted the defendants that the plaintiff was invoking FLSA's rights and protections.[8] *See Dunn*, 143 F.Supp.3d at 110 (the plaintiff's letter about calculation of her sick leave could not have put the defendant on notice that the plaintiff was asserting rights under the FLSA because "nowhere [ ] did the letter mention overtime or wages.")

Accordingly, because the plaintiff cannot show that he engaged in a protected activity, I dismiss his FLSA and NYLL[9] retaliation claims.

## CONCLUSION[10]

For the foregoing reasons, I grant the defendants' motion with respect to the plaintiff's retaliation claims under FLSA and NYLL, and deny the defendants' motion with respect to the remainder of the plaintiff's claims.

---

[8] The plaintiff's reliance on 29 U.S.C. § 203(m) and 29 C.F.R. § 531.38 for the proposition that improper payroll tax practices violate the "FLSA and applicable regulations" is misplaced. 29 U.S.C. 203(m) defines "wage" and applies to a "tipped employee[s]", and 29 C.F.R. § 531.38 discusses which taxes may be included as "wages" within the meaning of 29 U.S.C. § 203(m).

[9] To state a claim under NYLL § 215, a plaintiff must "adequately plead that while employed by the defendant, he or she made a complaint about an employer's violation of New York Labor law and was terminated or otherwise penalized . . . as a result." *See, e.g., Higueros v. New York State Catholic Health Plan, Inc.*, 526 F.Supp.2d 342, 348 (E.D.N.Y. 2007); *Williams v. AAA Southern New England*, No. 13-cv-855-VB, 2015 WL 864891, at *5 (S.D.N.Y. Mar. 2, 2015). Courts in this Circuit have held that the standards for stating a claim is the same under both NYLL and FLSA. *See Kassman v. KPMG LLP*, 925 F.Supp.2d 453, 472 (S.D.N.Y. 2013); *Salazar v. Browne Realty Associates, L.L.C.*, 796 F.Supp.2d, 378, 384 (E.D.N.Y. 2011) (citing *Higueros*, 526 F.Supp.2d at 347). "An employee need not cite a specific [NYLL] statute, [ ] but her complaint to the employer [must] be of a colorable violation of the statute." *Kassman*, 925 F.Supp.2d at 473 (internal quotation marks and citations omitted) (alternation in the original). The plaintiff's complaints were about the way his taxes were reported; he did not complain that the defendants violated the NYLL, nor can he show that the defendants' tax reporting practices violate NYLL. *See* ECF No. 16 at 7 (relying on FLSA's statutory provisions to support the plaintiff's NYLL retaliation claim); *see also Higueros*, 526 F.Supp.2d at 348 (discussing with what specificity a plaintiff needs to allege NYLL violations).

[10] The defendants do not challenge the state law claims in the complaint (Counts, II, III, IV, and VI), other than to say that I should decline to extend supplemental jurisdiction over them if I dismiss the federal claims. I do not dismiss any of the plaintiff's other state law claims.

SO ORDERED.

                                               s/Ann M. Donnelly
                                               _____
                                               ANN M. DONNELLY
                                               United States District Judge

Dated: Brooklyn, New York
        June 29, 2018